By the Court.
 

 This is an action for personal injuries instituted in the court of common pleas. The decedent, Charles H. Myers, was a passenger in a truck owned by the defendant George L. Gugle, driven by one of the latter’s employees. The action was brought by Myers ’ administrator against Gugle and the Norfolk
 
 &
 
 Western Railway Company jointly. Gugle demurred to the third amended petition and his demurrer was sustained by the trial court. Failing to plead further, the action as to him was dismissed. The judgment of the trial court was affirmed by the Court of Appeals, by a divided court, whereupon the administrator instituted proceedings in error in this court seeking a reversal of the judgments below.
 

 The judgment of the trial court, sustaining the demurrer to the third amended petition, was af
 
 *558
 
 firmed by the Court of Appeals for the reason that the pleading contained “an inference of negligence upon the part of the decedent which should have been negatived in such third amended petition.” This requires an inspection of that pleading in order to determine whether it disclosed a reasonable inference of negligence or lack of reasonable care and prudence upon the part of the decedent which should have been negatived.
 

 If the plaintiff’s own testimony supporting his cause of action raises a presumption of contributory negligence, the burden rests upon him to remove that presumption.
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Whitacre,
 
 35 Ohio St., 627;
 
 Maddex
 
 v.
 
 Columber,
 
 114 Ohio St., 178, 151 N. E., 56. However, this rule has been somewhat modified in this respect: That if the plaintiff’s proof raises a presumption of negligence upon his part, he is only required to produce evidence sufficient to counterbalance the evidence giving rise to the presumption.
 
 Tresise
 
 v.
 
 Ashdown, Admr.,
 
 118 Ohio St., 307, 160 N. E., 898, 58 A. L. R., 1476. The same rule applies to pleading: If the allegations of his pleading suggest a reasonable inference that the plaintiff himself was negligent or at fault, it then becomes necessary for him in his pleading to negative such inference; otherwise not.
 
 Street Rd. Co.
 
 v.
 
 Nolthenius,
 
 40 Ohio St., 376.
 

 Briefly stated, the third amended petition recites that about 7 a. m. on the 4th day of April, 1926, the decedent, who was a passenger invitee riding upon Gugle’s truck, sustained injuries caused by the negligence of G-ugle and the railway company; that he was accustomed to ride home from his work on said truck; and that, for a long period of time be
 
 *559
 
 fore the accident, and upon the invitation and with the knowledge of the defendant Gugle, the decedent “had customarily and constantly ridden out on said truck;” that upon this occasion the truck was driven by the defendant’s employee Stiles, upon the business of the defendant; and that such employee negligently drove the truck over said crossing without stopping, looking, and listening, and without using ordinary care to first ascertain whether a train was approaching.
 

 The only allegation in the pleading giving rise to the claim of presumptive negligence upon the part of the plaintiff is the averment that the plaintiff had, for a long period of time, been accustomed to ride on the truck; but there is no allegation that he was accustomed to ride over this particular crossing. It is alleged that the driver failed to stop, look, and listen for the approaching train; but there is no allegation of peculiar circumstances casting a duty upon the plaintiff of warning the driver, or that plaintiff possessed any knowledge of a peril which was imminent, or had reason to believe that he was being placed in a hazardous situation by the conduct of the driver. While the pleading contained charges of negligence against the driver of the truck, the latter’s negligence may not be imputed to his guest.
 
 Hocking Valley Ry. Co.
 
 v.
 
 Wykle, ante,
 
 391, 171 N. E., 860.
 

 We are of opinion that the plaintiff’s third amended petition contains no allegations from which contributory negligence could be reasonably inferred. The judgments of the lower court will be reversed
 
 *560
 
 and the cause remanded to the trial court for further proceedings according to law.
 

 Judgment reversed.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.