**CARPENTER v. BALTIMORE & O. R. CO.**
No. 8029.

Circuit Court of Appeals, Sixth Circuit.
Feb. 8, 1940.

376

Frank Carpenter, of Norwalk, Ohio (Carpenter & Freeman, of Norwalk, Ohio, on the brief), for appellant.

J. S. Rhinefort, of Toledo, Ohio (Tyler, Wilson & Rhinefort, of Toledo, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from a jury verdict for appellee in a personal injury case.

In the Court of Common Pleas, Huron County, Ohio, appellant, Compton L. Carpenter, an employee of appellee, The Baltimore & Ohio Railroad Company, instituted this action against it for personal injuries received on January 21, 1935. In his petition he alleged that appellee was a railroad corporation engaged in transportation as a common carrier through several states of the United States and that it owned and operated several railroad lines, one of which passed through the village of Willard in Huron County, Ohio. Nearby appellee maintained extensive yards, a roundhouse and other facilities for the loading and unloading of freight and the assembling of cars into trains for transportation.

He further alleged that he was a laborer at the storehouse of appellee and on January 21, 1935, was helping to move from the yards by a locomotive crane and loading into a box car from a platform between the crane and the car, frogs, switch points and

guard rails and while so doing, a counter-weight on the crane fell and injured him.

Appellant amended his petition by striking therefrom the allegation that both he and appellee were engaged in interstate commerce and that the acts of negligence of which he complained occurred in violation of duties imposed upon appellee by the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Appellee later removed the action to the United States District Court on the ground of diversity of citizenship and in its answer admitted that it was engaged in interstate commerce but denied the remaining allegations of appellant's petition. It plead no affirmative defenses.

In the course of the trial appellee orally waived the issue that appellant was not engaged in interstate commerce at the time of his alleged injury and the evidence clearly establishes that he was. Kelley v. Norfolk & W. Ry. Co., 6 Cir., 19 F.2d 808; Pedersen v. Delaware, Lackawanna & Western R. R. Co., 229 U.S. 146. 153. 33 S. Ct. 648, 57 L.Ed. 1125, Ann.Cas.1914C, 153.

The case was tried in the lower court on the theory that the effect of the Employers' Liability Act upon the rights of the parties was not involved because appellant had withdrawn from his petition an express reference to the Act and that the issue between the parties was to be determined by the local law of Ohio. We do not accept this premise. The appellant alleged, and in proof clearly established, that his injury, if any, was suffered in the course of the operation of interstate commerce. This made it wholly unnecessary for him to invoke the provision of the Employers' Liability Act in express terms (Grand Trunk Western R. Co. v. Lindsay, 233 U.S. 42, 48, 34 S.Ct. 581, 58 L.Ed. 838, Ann.Cas.1914C, 168), and the case is controlled by the applicable provisions of that Act.

Appellant complains of the general instructions on contributory negligence and assumed risk and also the following specific instruction: "You are instructed that the defendant cannot be held liable in this case merely because the lead weight or ball fell and by reason thereof injured the plaintiff."

He also complains of the admission of evidence of his receipt of relief payments from appellee after his alleged injuries.

The evidence shows that appellant had been an employee of appellee for more than twelve years and at the time of the accident was a member of one of its crews loading rail braces, plates, switch points, guard rails, frogs, etc., into a box car standing on a siding adjacent to a platform at Willard. The material was moved from the yards by a locomotive crane operated by steam power and traveling on the railroad trackage to the side of the platform opposite the box car, dropped onto manually operated trucks, hauled across the platform and put in the box car and immediately transported for use on appellee's Pennsylvania and Illinois divisions.

At the time of the accident appellant was moving one of the trucks and Charles Osborn, who had operated the crane for three years, was operating it. The crane cab rotated on its bed with a boom or arm forty-five feet long attached, the crane being so constructed that its boom or arm could be changed and moved to any position to pick up material and hold or release it. The crane was equipped with a lead ball or counterweight, cylindrical in form, weighing approximately 600 pounds, the function of which was to balance the cable in such way that the pulley might be moved from one position to another with the least possible effort. This weight was held in position by means of a cable and controlled by an applied foot brake and was used to bring the cable down in its operation. It was attached to a hook below a pulley, which in turn was on a cable from 75 to 80 feet long, one end of the cable being fastened to the end of the boom, which comes through the pulley and back through the sheave pulley and down the boom to the drum inside the crane where it winds and unwinds. The ball, or counterweight, could be let down by merely releasing the brake while the boom was stationary. The weight was raised or lowered by winding or unwinding the cable around the drum. It was attached to a three-quarters inch cable which fit into an inch and quarter iron hook, six inches deep with a four inch throat. Release of the brake would let down the cable, hooks, chains and weight.

One of appellant's duties consisted of hooking the chains around the material that was to be moved by the crane. Immediately before the accident he had assisted in putting the chains on a frog which was being loaded into the car. Charles

Osborn lowered the chains from the crane and after they were fastened on the frog raised it from the pile of other material and swung the boom around toward the platform. While the crane was traveling in this direction, appellant followed it to assist in removing the chains which was also one of his duties. The frog, weighing from 1,200 to 1,300 pounds, was then placed on a two-handled truck on the platform and appellant and his fellow workers wheeled it into the box car and loaded it for shipment. After the chains were taken off the frog, the boom remained in the same position. It had rained and frozen and there was a good deal of ice. After the frog was placed in the car, appellant ran the truck back under the boom. At this time the ball or counterweight, which had no load and was suspended in the air about fifteen feet above the platform, suddenly fell injuring appellant's left leg and hip.

Immediately after the accident, the crane and all of its attachments were examined and tested by the employees of appellee who testified they were without discoverable defects and operated perfectly. No witness testified that either the counterweight or any part of the crane was defective or inoperative in any way at the time of the accident.

Appellant's objection to the instruction is predicated upon the premise that the legal rule of res ipsa loquitur is applicable. This rule does not relieve him of the burden of showing negligence nor does it give rise to any presumption in his favor. It is a rule of evidence which permits or requires the inference of negligence where an accident occurs under circumstances which, in the ordinary course of human experience, would not happen but for the negligence of defendant and is but an evidential inference for the consideration of the jury under proper instructions. Glowacki v. Ry. & P. Co., 116 Ohio St. 451, 157 N.E. 21, 53 A.L.R. 1486.

There is substantial evidence in the record that the fall of the weight was caused by some defect in the appliances or the improper release of the foot brake by its operator or from ice forming on the hook to which the weight was attached, the presence of which the operator could have ascertained by the exercise of ordinary care.

The instruction of which appellant complains is unobjectionable unless all of the events which might have caused the ball to fall reasonably pointed to actionable negligence on the part of appellee. Patton v. Texas & Pacific R. Co., 179 U.S. 658, 663, 21 S.Ct. 275, 45 L.Ed. 361; Burnet v. Pennsylvania R. Co., 6 Cir., 33 F.2d 579.

The jury cannot speculate and, on speculation alone, find appellee guilty of negligence. Atchison, Topeka & S. F. R. Co. v. Toops, 281 U.S. 351, 355, 50 S.Ct. 281, 74 L.Ed. 896.

The appellee contends that it is impossible to discover from the evidence whether the operator released the brake causing the ball to fall and if he did it must be presumed that he acted with due care because there is no testimony to the contrary and if it fell due to some defect in the appliance the appellee could not have ascertained its defective condition by the exercise of ordinary care. It further contends that if the ball slipped from the hook by reason of ice forming on it, it was an act of God for which the appellee would not be liable. We cannot accept these contentions.

We are satisfied that on the evidence as a whole, the doctrine of res ipsa loquitur is applicable, the basis of which has been previously stated by this Court in Cincinnati, N. O. & T. P. R. Co. v. South Fork Coal Company, 6 Cir., 139 F. 528, 1 L.R.A.,N.S., 533; Lee Line Steamers v. Robinson, 6 Cir., 218 F. 559, L.R.A.1916C, 358; Pennsylvania Company v. Clark, 6 Cir., 266 F. 182. Its application to master and servant relationship under the Federal Employers' Liability Act and Safety Appliance Act was discussed and applied in Chesapeake & Ohio R. Co. v. Smith, 6 Cir., 42 F.2d 111.

In view of the fact that the Employers' Liability Act abrogated the common law fellow servant rule by placing negligence of a co-employee upon the same basis as negligence of the employer, in our opinion, the falling of the weight under the circumstances of this case in itself, was some substantial evidence of negligence on the part of appellee. It follows that the instruction of which appellant complains was erroneous.

Appellee contends that if the instruction complained of misled the jury, the error, if any, was cured by the jury's answer to special interrogatories which clearly shows that it was properly understood. Kanawha & M. R. Co. v. Kerse, 239 U.S. 576, 582, 36 S.Ct. 174, 60 L.Ed. 448.

Several special interrogatories were propounded by the court, on its own motion,

to be answered by the jury. Those material here are as follows:

"(1) Did the ball or counterweight fall because of some defect in the crane which might have been discovered in the exercise of ordinary and reasonable care? Answer: No.

"(2) Did the ball or counterweight fall because of the negligent operation of the crane at the time in question, by the operator, Charles Osborn? Answer: No.

"(3) Was the plaintiff himself guilty of negligence which contributed to cause the occurrence which resulted in the injury to him? Answer: Yes.

"(4) If Interrogatory No. 3 is answered in the affirmative, then answer this interrogatory: If the plaintiff was guilty of contributory negligence, was that contributory negligence slight and the negligence of the employer gross in comparison? Answer: No."

The law is that interrogatories must put only questions of fact from which a legal proposition may be deduced. Questions which require the jury to answer merely as to acts or omissions which may or may not, in their opinion, be evidence of care or negligence or contributory negligence and from their answers to which either way the court cannot say as a matter of law whether care or negligence is the result are not proper.

The failure to ask as to facts on which carelessness or contributory negligence is sought to be predicated is a fatal defect in the foregoing interrogatories and renders the answers abortive.

Interrogatory No. 1 did not ask the jury to find whether there was a defect in the crane but required it to ascertain whether the defect could have been discovered by the exercise of ordinary or reasonable care which was a question of law. The same imperfection is found in the others.

If not questions of law singly, they are mixed questions of law and fact which are improper in interrogatories. Runyan v. Kanawha Water & Light Company, 68 W. Va. 609, 71 S.E. 259, 35 L.R.A.,N.S., 430; Banner Tobacco Company v. Luman Jenison, et al., 48 Mich. 459, 12 N.W. 655; Toledo & W. R. Co. v. Goddard, 25 Ind. 185; Louisville, N. A. & C. R. Co. v. Worley, 107 Ind. 320, 7 N.E. 215.

In our opinion, the error in giving the instruction complained of was not cured by the jury's answers to the special interrogatories.

The interrogatories, as well as the court's general charge, omit all reference to the vital matter of the application of the rule of res ipsa loquitur to the facts of the case. The appellee did not plead contributory negligence or assumed risk as a defense and no inference of either upon the part of appellant is found in his pleadings [Myers v. N. & W. Ry. Co., 122 Ohio St. 557, 172 N.E. 666; Rules of Federal Procedure, 8 (c), 28 U.S.C.A. following section 723c], and no issue is made upon these questions.

Applying the well-recognized rule that in determining the scope of instructions, the court must keep in mind the issues as made by the pleadings in the cause and that no instructions be given which tender an issue not supported by the pleadings, the court committed an error in submitting to the jury the issue of contributory negligence and assumed risk and in charging the jury that the fellow servant rule applied.

The only other objection pressed in the argument at bar is alleged error in admitting in evidence checks indorsed by appellant from the relief department of appellee. The documents show that appellant made claims for relief on account of injuries January 31, February 28 and March 5, 1935, and thereafter for sickness only on March 17 and 22, 1935.

The purpose of this evidence was to show that appellant made no claim for relief on account of injuries after March 5, 1935.

Admissions when the act done is inconsistent with the present contention of the actor may tend to weaken the effect of his direct evidence; therefore, evidence of acts done by a party suggesting an inference that his present contention is an exaggeration is competent. There was no error in admitting the evidence.

We are not unmindful of the fact that 45 U.S.C.A. 56 (Act of April 5, 1910, c. 143, Sec. 1, 36 Stat. 291) provides that no case brought under the Federal Employers' Liability Act in a state court of competent jurisdiction shall be removed to any court of the United States. This section does not purport to limit the jurisdiction of the District Court but confers a personal privilege on the parties which may be waived and the rule applies that where a Federal court

would have had jurisdiction of a cause if originally brought there and the parties have fully consented to its jurisdiction after removal and acted thereon, it may retain it, though the cause was improperly removed by the defendant. It is a question of venue and not jurisdiction. Handley-Mack Company v. Godchaux Sugar Company, 6 Cir., 2 F.2d 435; Wabash Ry. Co. v. Bridal, 8 Cir., 94 F.2d 117.

The judgment is reversed and the cause remanded for a new trial.