**Mrs. Gertwyl Amakyi GAMBLE, etc., Plaintiff-Appellant,**

v.

**CENTRAL OF GEORGIA RAILWAY COMPANY, Defendant-Third Party Plaintiff-Appellee,**

v.

**McGREGOR PRINTING CORPORATION, Third Party Defendant-Appellee.**

No. 73-2171

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1973.

Timothy M. Conway, Jr., Al G. Rives, Birmingham, Ala., Fred D. Gray, Tuskegee, Ala., for plaintiff-appellant.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Roy L. Smith, Phenix City, Ala., for Central of Ga. Ry. Co.

Russell, Raymond & Russell, Tuskegee, Ala., for Central of Ga. Ry. Co.

W. F. Horsley, Opelika, Ala., for Mc-Gregor Prtg. Corp.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

We review an interlocutory order entered below[1] denying plaintiff-appellant's motion for remand of her FELA (Federal Employer's Liability Act,. 45 U.S.C. Sec. 51 et seq.) action to the state court from which it was removed. A panel of this court granted leave for the plaintiff to appeal the district court's interlocutory order under the provisions of Title 28 U.S.C. Sec. 1292(b). We determine that the motion for remand should have been granted and reverse.

### Proceedings Below

Plaintiff filed suit in Circuit Court of Macon County, Alabama, her place of residence, under the provisions of the FELA. She sought damages for the death of her husband, a deceased employee of the defendant Central of Georgia Railway Company (Railway). Her complaint alleged that her husband's death had resulted from injuries sustained when he was caught between one of the Railway's boxcars and a loading platform in Bullock County, Alabama, built and maintained by McGregor Printing Company (McGregor), a Delaware corporation, on the property of Railway, a Georgia corporation.

On the basis of the indemnification provision of a "close clearance" agreement as to the loading platform entered into between the Railway and McGregor, Railway impleaded McGregor as a third party defendant[2] for all or a part of the sums for which the railway might eventually be held liable under the FELA suit. McGregor thereupon filed a removal petition in the federal district court, alleging diversity of citizenship and a controversy over sums in excess of $10,000.[3]

The plaintiff moved for remand to the Circuit Court of Macon County, Alabama, on the ground that FELA cases are specifically non-removable under Title 28 U.S.C. Sec. 1445(a). The district court denied this motion, and subsequently also denied the plaintiff's motion in the alternative for a rehearing on the original motion or for a severance of the third-party suit and remand of the original action.

The sole question below and here is a jurisdictional one. The question is quite simply whether the provisions of the general removal statute, Title 28 U.S.C. Sec. 1441(c), permit removal of FELA actions otherwise non-removable under the provisions of Title 28 U.S.C. Sec. 1445(a). The general statute, Sec. 1441(c) permits removal of an otherwise non-removable action when joined with a removable separate and independent claim or cause of action.[4] Sec. 1445(a) expressly prohibits removal from state to federal courts of FELA cases in which the plaintiff has chosen to proceed in the state forum.[5]

1. The district court's opinion is published, Gamble v. Central of Georgia Ry. Co., M.D. Ala.1973, 356 F.Supp. 324.

2. Under the State Third-Party Act, Code of Alabama, Title 7, Sec. 259(2).

3. Title 28, U.S.C. Secs. 1332(a)(1) and 1441(a).

4. Title 28 U.S.C. Sec. 1441(c) provides:
"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

5. The text of Sec. 1445(a) is as follows:
"A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51 to 60 of Title 45, may not be removed to any district court of the United States."

In formulating its answer to the question of precedence between the two statutory provisions, the district court began by recognizing that the purpose underlying Sec. 1441(c) was the conservation of valuable judicial time in cases where joinder was properly made of two or more separate actions. From there, the court turned to a consideration of the question whether the statutory criteria for joinder and removal had been met in the instant case. Only after concluding that they had, did the court finally confront the plaintiff's motion for a remand. The court acknowledged that Congress undoubtedly intended in enacting Sec. 1445(a) that FELA actions be non-removable, but opined that when balanced against considerations of judicial economy, non-removability might properly yield to allow joinder and removal "in individual cases in isolated incidents" without doing wholesale violence to the mandate of Sec. 1445(a). On this basis the court reached its conclusion that Sec. 1441(c) took precedence over Sec. 1445(a) in this case and refused to remand the entire lawsuit or to order a limited remand of the original FELA action.

■ We have no quarrel with the district court's respect for the diseconomy attendant upon separate trials in different courts for causes of action arising out of the same circumstances. Nevertheless concern for conserving judicial time may not be permitted to override the manifest intent of Congress. The district court adopted an *ad hoc* approach for determining whether the removal or the non-removal statute takes precedence in a given FELA suit. We think that a different and uniformly applicable rule has been adopted by Congress, which compels an opposite outcome to that reached by the district court. The rule articulated by the district court is completely at variance with the purpose of Congress as we will attempt to demonstrate.

The limitation upon the removability of FELA suits in 28 U.S.C. Sec. 1445(a), note 5, supra, was added by Congress by the 1910 amendments to the FELA, later being incorporated into the Judicial Code.[6] The 1910 amendment was precipitated by developments subsequent to the enactment of the FELA in 1908. As originally enacted, the FELA left unclear the question of jurisdiction to hear suits arising under the Act.[7] This caused the courts of several states, notably Connecticut, to refuse to assume jurisdiction of FELA suits on the grounds that federal courts had exclusive jurisdiction under the Act.[8] In the instances where the state courts did not refuse jurisdiction, the plaintiff often found his case removed to federal court by the defendant railroad company on diversity grounds.[9] The Congress, therefore, undertook to remedy what it perceived to be jurisdictional defects in the Act.

The discussion of proposed amendments to the FELA was conducted in an atmosphere of concern over the erosion of the power of the states and the con-

6. The non-removal provision originated from amendments made in the Senate to HR 17263, 61st Cong. 2d Sess. After ratification of the Senate amendments by the House of Representatives, the bill became the Act of April 5, 1910, c. 143, Sec. 1, 36 Stat. 291, and was codified as 45 U.S.C. Sec. 56. The non-removal provision was thereafter incorporated in the Judicial Code of 1911, Act of Mar. 3, 1911, c. 231, Sec. 28, 36 Stat. 1094. The Act of June 25, 1948, c. 646, Sec. 18, 62 Stat. 989, recodified the Judicial Code and the non-removal provision became 28 U.S.C. Sec. 1445(a). At the same time, the non-removal provisions were deleted from 45 U.S.C. Sec. 56.

7. The Act of April 22, 1908, c. 149 Sec. 1, 35 Stat. 65, was silent as to the forum for the trial of FELA suits.

8. See S.Rep. 432 by the Senate Judiciary Committee, Mr. Borah, chairman, on H.R. 17263 61st Cong. 2d Sess., Mar. 22, 1910, pp. 5–12 for a discussion of the Connecticut case, Hoxie v. New York, New Haven and Hartford R. R. Co., 1909, 82 Conn. 352, 73 A. 754, and the confusion caused by it.

9. See the comments of Senator Dixon of Montana at 45 Cong.Record 4092, col. 1.

comitant expansion of the power of the federal government.[10] Not surprisingly, in this setting, the amendments initially proposed to the FELA envisioned stripping the federal courts of jurisdiction to try cases arising under the Act altogether. One proposal would have eliminated the possibility of removal from state courts by declaring the railroad to be a citizen of every state in which it operated.[11] This proposal was viewed by some Senators as inadequate on the stated ground that removal under federal question grounds would remain as a possibility by which state court jurisdiction might be defeated.[12] An alternative amendment would have conferred exclusive jurisdiction upon the state courts in express statutory terms.[13] This proposal failed to satisfy other Senators who favored concurrent state-federal jurisdiction over FELA cases.[14]

Out of this disagreement over amendments emerged a compromise proposal, the second amendment offered by Senator Paynter of Kentucky, which provided both for concurrent jurisdiction in the state and federal courts, and for the plaintiff to have the right to choose the forum in which he wished to proceed. The crucial provision made it impossible for FELA suits instituted in state courts ever to be removed to federal courts on any grounds. The Paynter amendment read as follows: "And no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."[15] In offering this amendment, Senator Paynter made the following statement:

"I suggested yesterday an amendment giving exclusive jurisdiction to the state courts. I would very much prefer seeing the bill confer exclusive jurisdiction upon state courts. * * * But in deference to the opinion of others who desire the same purpose to be accomplished that I have in view, I offer an amendment which will give to the plaintiff the right to select the forum in which his case shall be tried."[16]

The spirit in which the Paynter proposal was received by other members of the Senate is indicated by the following remarks of Senators Bailey of Texas, Borah of Idaho, and Hale of Maine:

MR. BAILEY: That [the Paynter proposal] is entirely agreeable to me, because it takes these cases out of the operation of the removal act. * * *[17]

MR. BORAH: [T]he amendment of the Senator from Kentucky enables the plaintiff to go into the federal court if he desires to do so, but the case can not be removed. It takes these cases from under the removal act. * * *[18]

MR. HALE: In other words, the federal law and federal authority can not lay its strong hand upon all forms of litigation on such a subject matter as this until the state courts have had trial, verdict and judgment. * * *[19]

The bill was duly amended as proposed by Senator Paynter, passed by the Senate and sent to the House of Representatives for consideration of the Senate amendments. There was relatively little discussion of the amendments in the House, but the following comments by

10. Id. at 3995–98.

11. Id. at 3995, col. 1.

12. See the comment of Senator Bailey of Texas, Id. at 3996, column 2.

13. Id. at 3998, col. 1 (the amendment offered by Senator Paynter of Kentucky.)

14. This is apparent from the comments of Senator Paynter. Id. at 4051, col. 1.

15. Id.

16. Id. at 4051.

17. Id.

18. Id. at 4092.

19. Id. at 4093.

Representative Garrett of Tennessee are significant in the present context: "I want to get clearly the amendment about removal in mind. Now it is clear that no case brought in a state court shall be removed to a federal court. * * * [20]

 We think the doubts expressed by the district judge as to the existence of possible conflicts between the removal provisions of 28 U.S.C. Sec. 1441(c) and the non-removal provisions of 28 U.S.C. Sec. 1445(a) are dispelled completely by this legislative background. Congress patently intended that FELA suits be not removed once instituted in state courts. The intended result was to take FELA suits "out of the operation of the removal act" by the Paynter amendment, the forerunner of current Sec. 1445(a). The district court's conclusion that non-removability may be disregarded in "individual cases in isolated incidents" was erroneous. It is mandated by the Constitution, Article III, Sec. 2, that Congress has the sole power to fix the jurisdiction of the federal courts and it follows that when Congress has deprived the federal courts of jurisdiction in certain cases, the courts cannot *ad hoc* reinvest themselves with that jurisdiction, either in "individual cases" or otherwise. See the statement of the Court in Ex Parte McCardle, 1869, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264, 265:

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." * * *

Congress has unequivocally declared that in FELA suits filed in state courts, the federal courts are without jurisdiction to proceed in the matter until the cause has run its course at the state level. The Supreme Court has noted this fact in Miles v. Illinois Central R. Co., 1942, 315 U.S. 698, 703, 62 S.Ct. 827, 830, 86 L.Ed. 1129, 1133. These principles govern this case. The court below was without jurisdiction to hear Mrs. Gamble's case, and should have granted the motion for remand of the entire action or alternatively should have severed the FELA suit and remanded it.

Reversed.