B. L. CREWS, Plaintiff,

v.

SEABOARD COAST LINE RAILROAD COMPANY, a corporation, Defendant and Third-Party Plaintiff,

v.

HERTZ CORPORATION, a corporation, Third-Party Defendant.

No. 76–230–Civ–J–T.

United States District Court, M. D. Florida, Jacksonville Division.

April 22, 1976.

**680**

R. J. Beckham, Jacksonville, Fla., for plaintiff.

Joseph P. Milton, Jacksonville, Fla., for defendant and third-party plaintiff.

William A. MacGuire, Jacksonville, Fla., for third-party defendant.

### ORDER

CHARLES R. SCOTT, District Judge.

This case was commenced in the Circuit Court of the Fourth Judicial Circuit of Florida in and for Duval County on September 8, 1975. The action was brought under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.* Under the federal removal statute, 28 U.S.C. § 1445(a), removal of actions commenced under FELA is expressly prohibited. After filing its answer on February 23, 1976, however, defendant became a third-party plaintiff, filing its third-party complaint on February 24, 1976. The third-party action sought both compensatory damages for negligence and indemnification for breach of warranty of safety from the third-party defendant, in the event plaintiff should prevail on the FELA action.

On March 31, 1976, the third-party defendant removed the third-party action from state court to this Court, purportedly pursuant to 28 U.S.C. § 1441(c). Section 1441(c) provides that "a separate and independent claim or cause of action," that would be removable if brought alone, is still removable when joined with nonremovable claims or causes of actions; in fact, "the entire case may be removed." Plaintiff filed a motion to remand on April 8, 1976, contending that this Court lacks jurisdiction over the removed action. It is settled that a federal district court may remand an action removed from state court only if the district court lacks jurisdiction over the action and it was improvidently removed. *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 342, 345, 96 S.Ct. 584, 588, 590, 46 L.Ed.2d 542, 549, 551 (1976).

The questions presented, therefore, are (1) whether the Court has jurisdiction over this case, precluding its removal, and thus, (2) whether the third-party action is an ordinarily removable, "separate and independent claim or cause of action," as allowed by Section 1441(c). Disposition of these questions is controlled by *Gamble v. Central Georgia Ry. Co.,* 486 F.2d 781 (5th Cir. 1973). The questions are legal, jurisdictional ones. *Id.* at 782.

*Gamble v. Central Georgia Ry. Co., supra,* was a case where the plaintiff brought an FELA action in a Georgia state court. The defendant impleaded a third-party defendant for indemnification if the plaintiff should obtain a judgment against the defendant-third-party plaintiff. The third-party defendant removed the entire action to federal district court and the plaintiff moved to remand. The district court denied the remand motion, refusing as well to sever the actions and remand the original FELA action. The Fifth Circuit reversed, holding that the district court lacked jurisdiction over the original FELA case, "and should have granted the motion for remand of the entire action or alternatively should have severed the FELA suit and remanded it." *Id.* at 785. This was the unmistakeable intent of Congress regarding FELA cases. 28 U.S.C. § 1445(a). *Id.* at 783–85.

The Court now holds that it lacks jurisdiction over the original FELA action commenced in September 1975 in the state

court, and that remand of that action, together with the third-party action, is required.