**Norris LIRETTE, Plaintiff-Appellant,**

v.

**N.L. SPERRY SUN, INC. and Quarles Drilling Company, Defendants-Appellees.**

**No. 86–3373.**

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1987.

Rehearing Granted March 2, 1987.*

Goldberg, Circuit Judge, filed a specially concurring opinion.

Gee, Circuit Judge, filed concurring opinion.

* See 812 F.2d 937.

Gayle A. Reynolds, Gretna, La., for Lirette.

Timothy F. Burr, New Orleans, La., for Sperry.

Elizabeth H. Ryan, Wood Brown, Ill., New Orleans, La., for Quales Drilling.

Before CLARK, Chief Judge, GOLDBERG, and GEE, Circuit Judges.

CLARK, Chief Judge:

The principal issue in this case is whether a plaintiff's federal court conduct can waive the provisions of 28 U.S.C. § 1445(a) barring removal of the Jones Act action he filed in state court. *Gamble v. Central of Georgia Railway*, 486 F.2d 781 (5th Cir. 1973), which construes § 1445(a) in strict jurisdictional terms, binds us to hold that it cannot. Since the district court lacked subject matter jurisdiction, we vacate its judgment and direct that the action be remanded to state court.

## I.

Plaintiff Norris Lirette was employed by defendant N.L. Sperry Sun, Inc. (Sperry Sun) as a wireline operator with responsibilities for surveying oil wells and operating wireline and steering tools at locations on land and over water. Lirette injured his right knee while attempting to change a defective hose connection aboard the QUARLES 18, a movable drilling rig owned by defendant Quarles Drilling Company (Quarles). Lirette sued Sperry Sun and Quarles in state court, alleging Jones Act negligence and unseaworthiness claims and claims for vessel negligence. The defendants removed the case to the district court.

Both defendants separately moved for summary judgment. The district court originally denied the motions, pending the outcome of this court's en banc consideration of *Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067 (5th Cir.1986) (en banc). Following our decision in *Barrett*, the court concluded that Lirette was not a Jones Act seaman. The court dismissed the Jones Act and unseaworthiness claims against Sperry Sun, but reserved any claims

against Quarles under the Longshore and Harbor Workers' Compensation Act.

Lirette initially petitioned this court for leave to appeal the district court's order under 28 U.S.C. § 1292(b). Although we dismissed Lirette's petition for jurisdictional reasons, we construed it as a notice of appeal.[1] In so doing, we noted that the defendants had removed Lirette's Jones Act claim from state court and that Jones Act claims filed originally in state court are not removable. Therefore, we *sua sponte* raised the possibility that the district court may have lacked subject matter jurisdiction and asked the parties to submit memoranda on the issue.

## II.

■ 28 U.S.C. § 1445(a) provides: "a civil action in any State court against a railroad or its receivers or trustees, arising under [the Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51–60,] may not be removed to any district court of the United States." The Jones Act incorporates the general provisions of the FELA, including § 1445(a).[2] Accordingly, a Jones Act claim filed in state court may not be removed to federal court. *Pate v. Standard Dredging Corp.*, 193 F.2d 498, 500 (5th Cir.1952).

Because Lirette initially filed his Jones Act claim in state court, removal to federal court was expressly prohibited by § 1445(a). Defendants removed on the bases of federal question, diversity, and admiralty jurisdiction. Lirette made no objection to removal, however, until this court raised the issue for the first time on appeal. Lirette does not dispute that the district court would have had subject matter jurisdiction over his cause of action against Sperry Sun and Quarles if he had originally brought his claims in that court. The issue is whether a Jones Act plaintiff who brings an action in state court, which is then removed by defendants to federal court, can waive his initial selection of the state forum by his unqualified participation in the federal action to final decision. In other words, does § 1445(a) constitute a jurisdictional bar or merely create a personal privilege in favor of FELA and Jones Act plaintiffs to select a federal or state forum?

## A.

Before we address this issue, we must first determine whether Lirette's state court pleadings sufficiently alleged Jones Act seaman status. Quarles asserts that Lirette's state court pleadings demonstrate that Lirette never was a Jones Act seaman. Quarles contends that if Lirette was not a seaman, he could not have brought a Jones Act claim in state court, and § 1445(a) would not bar removal of his cause of action to the district court. Quarles submits that the court's finding that Lirette was not a seaman in the context of a summary judgment ruling is tantamount to a finding that Lirette was not a seaman for purposes of defeating a motion to remand to state court.

■ While Quarles correctly asserts that a district court may pierce a plaintiff's

---

**1.** The district court certified the decision under § 1292(b) and granted Lirette an extension of time for filing a petition. Lirette then filed his petition more than ten days after the court's order. We held that the district court lacked authority to extend the ten-day filing period and that this court therefore lacked jurisdiction to grant a discretionary appeal. However, because the district court had entered a final judgment pursuant to Fed.R.Civ.P. 54(b), which is appealable as a matter of right, we construed Lirette's petition as a notice of appeal.

**2.** 46 U.S.C. § 688 provides:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and *in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply;* and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and *in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable.* (emphasis added)

pleadings to determine whether removal is proper, *see, e.g., Keating v. Shell Chemical Co.,* 610 F.2d 328, 331–32 (5th Cir.1980) (district court pierced pleadings to determine that joinder of nondiverse defendants was fraudulent), it does not follow that a finding made on summary judgment serves the same purpose. On summary judgment, a court may consider not only the pleadings, but also depositions, affidavits, and admissions. To determine whether a Jones Act claim was alleged in state court, on the other hand, we are limited to a review of the plaintiff's pleadings. *Addison v. Gulf Coast Contracting Services,* 744 F.2d 494, 498 (5th Cir.1984) (citing *Preston v. Grant Advertising, Inc.,* 375 F.2d 439 (5th Cir. 1967)). We decline to treat the district court's finding that Lirette was not a seaman as the equivalent of a finding of fraudulent joinder.

■ Lirette's state court pleadings alleged an employee-employer relationship with Sperry Sun. He alleged that he was assigned to a vessel. He alleged facts establishing the cause of his injury. He alleged that Sperry Sun negligently failed to provide him with a safe place to work and with safe and adequate equipment. These allegations are sufficient to state a Jones Act claim.

### B.

Lirette participated in every phase of the district court action without reservation or objection. Indeed, even on appeal, it was not until after this court had raised the issue *sua sponte* that he argued that the district court lacked subject matter jurisdiction over his cause of action. Both defendants contend that Lirette waived any objection to the district court's consideration of his claim by failing to protest removal until after final judgment on his claim.

The resolution of this dispute turns on the meaning of the declaration in § 1445(a) that FELA claims cannot be removed. If this provision is construed merely to grant Jones Act plaintiffs a personal privilege to select the forum in which their claim may be brought, the mandate of § 1445(a) that FELA claims not be removed should not be treated as a jurisdictional bar. On the other hand, if § 1445(a) signifies a congressional intent to deny subject matter jurisdiction to district courts to entertain Jones Act and FELA claims originally brought in state court, such a denial of jurisdiction cannot be waived by plaintiff's failure to object. *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951).

Both defendants contend that improper removal under § 1445(a) does not affect the district court's subject matter jurisdiction. Quarles argues that removal in contravention of § 1445(a) is akin to a procedural defect, which may be waived by a plaintiff's failure to object to removal. *See Mackay v. Uinta Development Co.,* 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913). Sperry Sun asserts that § 1445(a) merely confers a personal privilege on an FELA or Jones Act plaintiff to select a state forum and thus does not limit a district court's subject matter jurisdiction. *See Carpenter v. Baltimore & O.R. Co.,* 109 F.2d 375, 379–80 (6th Cir.1940).[3] Both defendants stress that when an action is improperly removed, the case is tried on the merits without objection, and the court enters a final judgment, "the issue in subsequent proceedings is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Grubbs v. General Electric Cred-*

3. The Sixth Circuit would clearly agree with the defendants that the district court was not without jurisdiction. That court stated in *Carpenter* that the predecessor to present § 1445(a)

does not purport to limit the jurisdiction of the District Court but confers a personal privilege on the parties which may be waived and the rule applies that where a Federal court

would have had jurisdiction of a cause if originally brought there and the parties have fully consented to its jurisdiction after removal and acted thereon, it may retain it, though the cause was improperly removed by the defendant. It is a question of venue and not jurisdiction.

109 F.2d at 379–80.

*it Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

*Grubbs* instructs us that a case improperly removed to federal court not be remanded to state court after the entry of judgment if the district court would have had jurisdiction had the case originally been brought in that court. However, Lirette relies on *Gamble v. Central of Georgia Railway*, 486 F.2d 781 (5th Cir.1973), to support his argument that the provision of § 1445(a) expressly prohibiting the removal of FELA actions divests a district court of subject matter jurisdiction over FELA and Jones Act claims filed initially in state court. In terms too plain to permit distinction, *Gamble* holds that federal courts are without jurisdiction over FELA suits filed in state court:

> Congress patently intended that FELA suits be not removed once instituted in state courts. The intended result was to take FELA suits "out of the operation of the removal act" by the Paynter amendment, the forerunner of current Sec. 1445(a). The district court's conclusion that nonremovability may be disregarded in "individual cases in isolated incidents" was erroneous. It is mandated by the Constitution, Article III, Sec. 2, that Congress has the sole power to fix the jurisdiction of the federal courts and it follows that when Congress has deprived the federal courts of jurisdiction in certain cases, the courts cannot ad hoc reinvest themselves with that jurisdiction, either in "individual cases" or otherwise....
>
> \* \* \* \* \* \*
>
> Congress has unequivocally declared that in FELA suits filed in state courts, the federal courts are without jurisdiction to proceed in the matter until the cause has run its course at the state level.

*Id.* at 785.

■ *Gamble* binds this panel to the conclusion that once a Jones Act suit is instituted in state court, federal courts are without subject matter jurisdiction over any effort to remove that particular cause of action. As a result, the district court in this case could not acquire subject matter jurisdiction of Lirette's cause of action by party waiver. Lacking jurisdiction, it becomes immaterial that Lirette could have originally brought his Jones Act and other claims in federal court, or that he fully participated in and never objected to the district court proceedings.[4]

### C.

Although we are precedent-bound to hold that the district court lacked subject matter jurisdiction in this case, we would note that such a strict jurisdictional rule in this context can produce undesirable results. It is illogical to permit a litigant to choose one of two fora with concurrent jurisdiction over his cause of action, allow him to participate in the entire adjudicatory process in the other forum which is equally competent to have heard the case, and then, upon getting an unsatisfactory result, to be able to have the matter reheard in the forum he abandoned. The same undesirable result might have occurred had the defendants lost. For, since the defect was jurisdictional it would accord losing defendants the same right to insist that their removal of the action had been without effect and that a retrial in the state forum was required.

We recognize that *Gamble* was not faced with a plaintiff who participated freely in federal litigation. Rather, the plaintiff in

---

**4.** This Circuit is apparently alone in its view that the § 1445(a) designation of nonremovable actions deprives federal courts of subject matter jurisdiction over a FELA or Jones Act claim instituted in state court. *See* 14A C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3729, at 487–93 (1985). Professor Wright takes the position that the bar to removal in this context may be waived. *Id.* at 488–89 & n. 30 (citing *Carpenter*, 109 F.2d at

379–80). But see 2 M. Norris, The Law of Seamen, § 30.26 (4th ed. 1985), which suggests that the § 1445(a) limitation on removal is jurisdictional. Norris reads § 1445(a) as an exception to the general removal provision of 28 U.S.C. § 1441(a) ("Except as otherwise provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed...."). *See id.* at 418–19.

*Gamble* objected to removal and sought remand from the start. The court addressed the jurisdictional issue not in the context of waiver but of removability under § 1441(c) based on the presence of a "separate and independent" claim. Section 1441(c) permits removal of the entire case whenever a separate and independent claim, which would be removable if sued upon alone, is joined with a nonremovable claim. The third-party defendant in *Gamble* had sought to remove both a separate and independent claim for indemnification against it along with the plaintiff's FELA claim against the principal defendant to the district court. *Gamble* held that the provision of § 1445(a) denying removal jurisdiction took precedence over § 1441(c)'s grant of removal jurisdiction when a separate and independent claim was expressed.

In concluding that an FELA claim cannot be removed to district court even when properly joined with a separate and independent claim under § 1441(c), *Gamble* gave the strongest possible interpretation to the effect of § 1445(a) on subject matter jurisdiction.

We are also cognizant of the fact that in reaching the jurisdictional issue, the *Gamble* panel did not consider or distinguish Supreme Court or Fifth Circuit precedents which hold that defects in removal may be waived in cases which could have been brought originally in federal court. In *Grubbs*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612, for example, New York plaintiffs sued a Texas defendant in Texas state court. The defendant interpleaded the United States as a party defendant under 28 U.S.C. § 2410 for the purpose of determining the priority of judgment liens. The United States removed the entire case to United States district court pursuant to 28 U.S.C. § 1444, authorizing removal by the United States of an action brought under § 2410. The plaintiffs obtained a $20,000 judgment against the defendant. It was later determined on appeal that joinder of the United States was "spurious" and that § 1444 removal was therefore not available. The Supreme Court nevertheless held that the validity of the removal proce-

dure could not be raised for the first time on appeal. *Id.* at 700, 92 S.Ct. at 1346. The remaining parties were diverse and the amount in controversy exceeded the jurisdictional minimum provided in 28 U.S.C. § 1332. Since the case could have been brought originally in United States district court, the court did not lack subject matter jurisdiction. The parties were held to have waived any right to object to the improper removal procedure.

This court has also focused on the question of whether an improperly removed case could have been brought originally in federal court. *See, e.g., Petty v. Ideco*, 761 F.2d 1146, 1148 n. 1 (5th Cir.1985) (removal based on diversity improper under 28 U.S.C. § 1441(b) because defendant was a citizen of the state in which action was brought); *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir.1982) (under 28 U.S.C. § 1441(a) a plaintiff may not remove to federal court, only a defendant may do so). We have consistently held that a procedural defect in removal does not defeat a district court's subject matter jurisdiction. *See, e.g., Dukes v. South Carolina Insurance Co.*, 770 F.2d 545, 547–48 (5th Cir. 1985) (failure to file a copy of the removal petition with state court clerk).

The jurisdictional rule of *Gamble* and the result it requires in this case cannot readily be harmonized with the thrust of these cases. Lirette could have brought all of his claims in federal court. Had he done so, the district court could have tried this precise action based on federal question, diversity, or admiralty jurisdiction. The desire of Congress to provide FELA and Jones Act plaintiffs with the choice of whether to proceed in a federal or state forum is simply not a logical basis for vacating the final judgment and remanding Lirette's case to state court. We reach the result we do only because as a panel we are bound by *Gamble*.

### III.

■ Sperry Sun contends that removal of both the Jones Act claim against it and

the claims against Quarles was proper under § 1441(c). As noted in II C, *Gamble* forecloses the viability of Sperry Sun's broad position. The removal limitation in § 1445(a) overrides the removability of separate and independent claims under § 1441(c). *Gamble* did, however, leave open the possibility that a FELA or Jones Act claim might be severed from separate and independent removable claims pursuant to the district court's discretion under § 1441(c) to remand all matters not otherwise within its original jurisdiction.

The difficulty for this limited proposition is that here, there was no separate and independent claim. Rather, there is but a single wrongful invasion of a single primary right. The Jones Act claim for negligence, the unseaworthiness claim and the claim for vessel negligence do not constitute separate and independent claims or causes of action for purposes of § 1441(c). *See Pate,* 193 F.2d at 500–02. Defendants nonetheless contend that a different rule should apply because the Jones Act employer and the vessel owner are not the same party. The fact that separate legal theories are alleged against different defendants is not a valid basis for distinction. If the plaintiff alleges and seeks relief for a single wrong we look only to see whether there was a "wrongful invasion of a single primary right." *Addison,* 744 F.2d at 500 (citing *Finn,* 341 U.S. at 13–14, 71 S.Ct. at 540).

Lirette received only one injury as a result of a single occurrence. He is only entitled to recover once for that injury. Although Lirette's claims against his employer and the vessel owner have different legal bases, they are clearly not separate and independent claims for purposes of § 1441(c).

Since the claims against Quarles are not separate and independent claims under § 1441(c), the district court has no discretion to sever and remand the Jones Act claim while retaining the claims against Quarles.

## IV.

In summary, we decline to pierce Lirette's state court pleadings to hold that Lirette was not a seaman who brought a Jones Act claim in state court. Lirette's Jones Act claim against Sperry Sun was not separate and independent from his claims against Quarles. Although Lirette participated fully in the district court litigation of his claims to final judgment, we are bound by this court's decision in *Gamble* to hold the district court lacked subject matter jurisdiction over Lirette's cause of action. We vacate the court's summary judgment and direct that the entire case be remanded to the state court from which it was removed.

**VACATED AND REMANDED** with directions.

GOLDBERG, Circuit Judge, specially concurring:

I fully concur both in the opinion written by Chief Judge Clark and in the separate opinion written by Judge Gee. Judge Gee, trenchant and succinct as usual, amply points out the mischief that *Gamble* potentially engenders.

I add these few words only to suggest that *Gamble* should be interred. Were I an active judge full of youth and vigor, and were there a sufficient number of pallbearers to carry this case en banc, I would be happy to preside over *Gamble's* funeral. As a senior judge, however, I would be satisfied simply to participate in *Gamble's* unlamented elegy.

GEE, Circuit Judge, concurring:

I concur fully in the opinion of the Chief Judge, writing separately and briefly only to emphasize the extreme undesirability of the rule in *Gamble*—which encourages the fabrication of spurious Jones Act claims, sandbagging and the waste of scarce judicial resources, but by which there can be no doubt that we are bound. Were we free to do so, I would adopt the more salutory and at least equally plausible construction long ago placed on these statutes by the Sixth Circuit in *Carpenter v. Baltimore*

*and O.R. Co.,* 109 F.2d 375 (1940). We are not, however, and *Gamble* must rule.