David **TONNESEN**, Plaintiff,

v.

**YONKERS CONTRACTING CO., et al.,** Defendants.

**No. CV 92–0722.**

United States District Court,
E.D. New York.

March 24, 1994.

Paul C. Matthews, New York City, for plaintiff.

Joseph E. Donat and Christopher F. Smith, Bigham Englar Jones & Houston, New York City, for defendants.

## AMENDED MEMORANDUM AND ORDER

SEYBERT, District Judge.

This is an action brought pursuant to the Jones Act, 46 U.S.C.App. § 688 *et seq.*, and the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, ("LHWCA"). The Court is exercising federal question jurisdiction. Defendant moves for summary judgment, arguing that there are no material facts in issue and that as a matter of law the barge on which plaintiff was injured was not a "vessel in navigation" as defined under the Jones Act or a "vessel" as intended by the LHWCA. Defendant thus argues that plaintiff has no cause of action under these statutes, and defendant is therefore entitled to judgment as a matter of law. Plaintiff argues that the status of the barge under these statutes is not set as a matter of law, and must be determined by the trier of fact.

## BACKGROUND

Plaintiff was injured when he was struck by a wooden building form that swung free while suspended from the crane on the barge on which plaintiff worked. Plaintiff was a member of a dockbuilding gang which was involved in the construction of a new cross bay bridge over Jamaica Bay, Queens, New York. Plaintiff was working on board a crane barge, the Weeks 276, at the time of his injury. The barge was fixed in place at the work site by steel support legs, known as spuds, which rendered it immobile so that the crane could operate. The barge had no engine and could move only with the aid of a tug boat. The barge's sole function was to act as a work platform. The barge only moved in navigation while being towed to and from a work site, and when changing position at the site.

Plaintiff missed four to five weeks of work as a result of the accident, and was paid compensation for this period by defendant's LHWCA compensation carrier. Plaintiff brought the instant action pursuant to the Jones Act and the LHWCA to recover damages for the injuries he sustained.

## DISCUSSION

The issue of whether the crane barge is a "vessel in navigation" for purposes of the Jones Act, or a "vessel" as intended by the LHWCA, is before the Court pursuant to Defendant's motion for summary judgment. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Eastman Machine Co. v. United States,* 841 F.2d 469, 473 (2d Cir.1988). A genuine issue of fact exists if there is sufficient evidence favoring the non-movant that a reasonable jury could find in its favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 247–51, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The evidence is to be viewed in the light most favorable to the non-movant. *See Oxley v. City of New York,* 923 F.2d 22, 24 (2d Cir.1991). The above standards will be applied in deciding the outcome of this motion.

Prior to the Supreme Court's decision in *McDermott International, Inc. v. Wilander,* 498 U.S. 337, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991), United States courts, including the Second Circuit Court of Appeals, focused on the issue of the status or job of an injured plaintiff in addressing whether he was entitled to recover under the Jones Act. *See Harney v. William M. Moore Building Corp.,* 359 F.2d 649, 654 (2d Cir.1966) (worker must be aboard naturally and primarily as an aid to navigation); *Whittington v. Sewer Construction Co., Inc.,* 541 F.2d 427 (4th Cir.1976); *Wilkes v. Mississippi River Sand and Gravel Co.,* 202 F.2d 383 (6th Cir.1953). The Supreme Court in *Wilander* removed the "aid in navigation" requirement and enumerated as the central requirement for the right to sue as a seaman under the Jones Act that the employee be "connected to a vessel in navigation." *Wilander,* 498 U.S. at 358, 111 S.Ct. at 820. The Court held that determination of seaman status under the Jones Act is a mixed question of fact and law. *See id.,* 498 U.S. at 358, at 818. The Court went on to state that "the inquiry into seaman status is necessarily fact specific; it will depend on the nature of the vessel, and the employee's precise relationship to it." *Id.* The *Wilander* Court determined that summary judgment in these cases is only appropriate "where the facts and the law will reasonably support only one conclusion." *Id.* The *Wilander* test was reaffirmed by the Supreme Court in *Southwest Marine, Inc. v. Gizoni,* —— U.S. ——, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991).

Subsequent to *Wilander* and *Gizoni* the federal courts addressing this issue have focused on whether the structure on which the incident occurred was a "vessel in navigation." *See Buccellato v. City of New York,* 808 F.Supp. 967, 973 (E.D.N.Y.1992); *Hatch v. Durocher Dock and Dredge, Inc.,* 820 F.Supp. 314 (E.D.Mich.1993); *DiGiovanni v. Traylor Bros., Inc.,* 959 F.2d 1119 (1st Cir. 1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 87, 121 L.Ed.2d 50 (1992). The second circuit has not yet acted on this issue, and Judge Glasser's opinion in *Buccellato,* while persuasive, does not analyze the issue in depth, and is not binding on this Court.

The only court in the Second Circuit which has addressed this issue is Judge Glasser in

*Buccellato,* 808 F.Supp. at 973. Judge Glasser's opinion analyzes the effect of *Wilander,* and then determines that second circuit caselaw is unclear on what constitutes a substantial relationship to a vessel, or even whether the Circuit recognizes this fifth circuit standard as part of the seaman status test. *See Buccellato,* 808 F.Supp. at 972. The opinion only briefly touches on the issue of what constitutes a vessel in navigation, adopting the standard enumerated by the first circuit in *DiGiovanni,* without explanation. *See Buccellato,* 808 F.Supp. at 973.

Other courts, including the court of appeals for the ninth circuit, have followed the first circuit's holding in *DiGiovanni. See Kathriner v. UNISEA, Inc.,* 975 F.2d 657, 661 (9th Cir.1992); *Hatch v. Durocher Dock and Dredge, Inc.,* 820 F.Supp. 314, 316 (E.D.Mich.1993). The Court could not locate any courts which had rejected *DiGiovanni,* or applied an alternative standard. A thorough examination of the *DiGiovanni* rationale is therefore necessary to this Court's analysis of the issue.

*DiGiovanni* holds that if a barge or other float's purpose or primary business is not navigation or commerce, then workers assigned thereto for its primary "shore" enterprise are only to be considered "seamen" for purposes of the Jones Act when the structure is in actual navigation or transit. *See DiGiovanni v. Traylor Bros., Inc.,* 959 F.2d 1119, 1123 (1st Cir.1992) (en banc) *cert. denied,* —— U.S. ——, 113 S.Ct. 87, 121 L.Ed.2d 50 (1992). The rationale behind this decision is that a worker is intended to receive the protection of the Jones Act not by reason of the physical characteristics of the structure to which he is attached, but because its operation in navigation exposes him to the unique hazards faced by seamen. *See id.* The first circuit standard allows people performing normal "dry land" jobs on seagoing structures that do not have the characteristics of an ocean vessel to enjoy the status of a seaman only when facing a seaman's hazards—when the vessel is actually moving in navigation. *See id.* This standard requires the court to first determine the primary purpose of the vessel. *See id.* If the primary purpose is navigation (i.e. the trans-

portation of people or goods on the water) then the vessel is presumed to be in navigation. *See id.* at 1122. If the primary purpose is other than navigation then the question of whether the worker is there to perform a maritime function or a shore enterprise function must be answered. *See id.* If the worker's function is not maritime (i.e. furthering the navigation of the structure at sea) then the worker is only considered a seaman when the structure is "in navigation" (i.e. "moving"). *See id.*

The one disconcerting effect of this holding is that a worker can be deemed a seaman for some portions of the workday and not a seaman for others, a condition the first circuit calls "varying status designation" ("VSD"). *Id.* at 1123. The first circuit addresses this briefly, stating that varying status designation is not a novel concept, and citing a Supreme Court case where a similar designation was effected. *See id.* (citing *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971)).

The dissent addresses VSD in opposing the majority's holding, stating that the varying designation will cause unpredictability and haphazardness, particularly on the question of insurance. *See id.* at 1128–29 (Torruella, J., dissenting). The dissent encourages the first circuit to continue to apply pre-*Wilander* caselaw on the subject. *See id.* The dissent finds fault with the majority's decision to apply a definition of "vessel in navigation" which requires a case by case determination, hanging its hat on the concept that a vessel is a vessel is a vessel. *See id.*

This Court does not agree with the dissent's analysis. First of all, any structure which moves in navigation will need to carry insurance, so there should be no problem with uninsured vessels, even relating to VSD. As to the dissent's belief that a test which requires determination on the individual facts is erroneous, the Court need only cite to the Supreme Court's ruling in *Wilander,* which calls for a case by case analysis of what they characterize as a mixed question of fact and law. *See Wilander,* 498 U.S. at 358, 111 S.Ct. at 818. Finally, in reference to the dissent's appeal to Shakespeare and Gertrude Stein, a vessel by any other name may

sail just as straight, but it does not logically follow that every "vessel" on the high seas will always fit within the definition of a "vessel in navigation" applicable to the Jones Act. *See id.*, 498 U.S. at 358, at 820.

After careful examination of *DiGiovanni* and its progeny this Court will follow Judge Glasser and adopt the first circuit standard. The Court concludes that this standard is well reasoned, clear, and easy to apply. Most importantly the Court concludes that the first circuit's analysis correctly applies the law as enumerated by the Supreme Court in *Wilander* and *Gizoni.* The following constitutes an analysis of the facts in this case pursuant to the *DiGiovanni* standard, remembering that summary judgment is only appropriate "where the facts will reasonably support only one conclusion." *Wilander,* 498 U.S. at 358, 111 S.Ct. at 818.

The first inquiry the Court must make under the First Circuit analysis is into whether the primary purpose of the crane barge is navigation. *See DiGiovanni,* 959 F.2d at 1123. It is clear under these facts that the primary purpose of the barge is to perform work with the crane, in this case on a bridge under construction. This purpose is not the transportation of goods or people on the water so the above inquiry is answered in the negative. The Court must progress to the second step of the analysis.

The second inquiry the Court must make is whether the plaintiff's work aboard the barge was to further a navigational or land-work related purpose. *See DiGiovanni,* 959 F.2d at 1123. It is clear that the facts can only lead to the conclusion that the plaintiff's primary job was to work on construction of the bridge, a non-maritime function. The vast majority of plaintiff's working hours were spent constructing the bridge. The accident itself occurred when a wooden form used in constructing the bridge struck plaintiff. Plaintiff argues that his position also involved handling lines when the boat was actually in navigation, but this reflects little on the overall purpose of his job on the barge, because the barge seldom moved.

The third and final analysis the Court must make is whether the barge was in navigation at the time of the incident. *See id.* It is undisputed that the barge had not moved since two days before the accident, and then only to be repositioned at the work site. Plaintiff argues that the boat was in navigation because it could move up and down with the tide. This argument fails as a matter of law. *See Kathriner,* 975 F.2d at 661 (citing *Cope v. Vallette Dry–Dock Co.,* 119 U.S. 625, 625, 7 S.Ct. 336, 336, 30 L.Ed. 501 (1887) (the fact that a structure floats in the water does not mean it is a vessel in navigation)). The barge was fixed in place by support legs, and tied to the bridge it was in the process of constructing. It had no independent means of propulsion, and had not moved in two days. The only reasonable conclusion that could be reached under these facts is that the barge was not in navigation at the time of the accident. Under the test enumerated by the first circuit, and adopted by this Court, the crane barge was not a vessel in navigation for Jones Act purposes at the time of the accident as a matter of law.

In accordance with the above analysis this Court finds that there are no material facts in issue and defendant is entitled to judgment as a matter of law. The Court will grant defendant's motion for summary judgment on plaintiff's claim for damages as a seaman pursuant to the Jones Act.

Defendant's motion for summary judgment on plaintiff's claim under the LHWCA, however, must fail. Defendant contends that the barge is not a "vessel" for purposes of the LHWCA, so plaintiff cannot pursue a claim.

For the purposes of the LHWCA the Second Circuit has adopted the definition of "vessel" found at 1 U.S.C. § 3 (1976). *See McCarthy v. The Bark Peking,* 716 F.2d 130, 133–34 (2d Cir.1983). Section three defines "vessel" as any watercraft or other artificial contrivance *capable* of being used as a means of transportation on water (emphasis added). *See id.* This includes barges without means of propulsion so long as they may be towed. *See id.* The definition is extremely broad, and "no doubt the three men in a tub would fit within our definition [of vessel under section 3], and one could probably make a convincing case for Jonah inside the whale." *Id.*

at 135 (citing *Burks v. American River Transportation*, 679 F.2d 69, 75 (5th Cir. 1982)). Defendant's argument is incorrect as a matter of law, and summary judgment will be denied on this issue.

## CONCLUSION

Pursuant to the above analysis it is Hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's claim under the Jones Act, and Plaintiff's Jones Act claim is DISMISSED. It is further ORDERED that Defendant's Motion for Summary Judgment is DENIED as to Plaintiff's claim under the LHWCA, and said claim will proceed to trial.

SO ORDERED.

## MEMORANDUM AND ORDER

This is a personal injury action brought pursuant to the Jones Act and Longshore and Harbor Workers' Compensation Act ("LHWCA"). The Court is exercising federal question jurisdiction. The Court has previously granted in part defendant's motion for summary judgment, dismissing plaintiff's Jones Act claim. The Court found that the first circuit's en banc analysis of the state of the law after two recent Supreme Court decisions was correct. Pursuant to that analysis the Court further found that the crane barge on which plaintiff was working was not a "vessel in navigation" at the time of his accident as a matter of law. Plaintiff's counsel requests reconsideration of this decision. Defendant responds that the Court's analysis was correct and that the cases plaintiff belatedly cites are either not on point or no longer good law.

The facts of this case are laid out at length in the Court's previous order granting partial summary judgment. Briefly, this case involves an injury to a worker on a crane barge suffered during the construction of a bridge.

## DISCUSSION

■ Plaintiff cites *Metro v. Gates Construction Corp. et al*, CV 89–4036 (Dearie, J. 1989), an unpublished opinion, in support of his position that the first circuit's analysis is incorrect. The fact that the opinion was not published renders extremely tenuous its precedential value. The portion of the opinion plaintiff cites is a footnote which states that the court did not have to rule on the question of whether the barge was "in navigation", because the parties had stipulated that it was. Thus, plaintiff hangs his hopes on an unpublished opinion of already limited precedential value that only addressed this issue with one sentence of pure dictum, and then only to state that (under the facts of that case) questions of fact existed on the issue. The case entirely failed to give any legal analysis of what constitutes a "vessel in navigation" under the Jones Act. The *Metro* opinion, therefore, has absolutely no bearing on the issues the Court addressed in deciding defendant's summary judgment motion.

■ The plaintiff then cites a 1966 Second Circuit ruling and a 1959 Fifth Circuit ruling, both stating that the question of whether a plaintiff is a seaman is one for the jury (citing 1950's Supreme Court pronouncements that hold that rendering summary judgment on this issue is improper). *See Harney v. William Moore Building Corp.*, 359 F.2d 649 (2d Cir.1966); *Offshore Company v. Robison*, 266 F.2d 769 (5th Cir.1959). Plaintiff contends that the *Wilander* decision specifically approves of these cases. The only reference the Supreme Court makes to *Offshore* in *Wilander* was to state that it recognized that there was no longer an aid in navigation requirement to determining seaman status under the Jones Act, a point completely without bearing on this Court's previous holding. *See McDermott Intern., Inc. v. Wilander*, 498 U.S. 337, 350, 111 S.Ct. 807, 815, 112 L.Ed.2d 866 (1991).

Defendant correctly observes that the recent Supreme Court decision in *McDermott Intern., Inc. v. Wilander*, 498 U.S. 337, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991), examined the prior Supreme Court precedent on this issue and found it to be "inconsistent" and confusing. *See id.*, 498 U.S. at 348–52, at 814–15. The *Wilander* Court found that the previous standards the Supreme Court had set were contradictory and of no help to the lower courts struggling with this issue. *See id.*

The *Wilander* Court abandoned the standards promulgated by the "befuddling" late 1950's Jones Act cases plaintiff cites and enumerated a more clear standard in replacement. *See id.*, 498 U.S. at 352, at 816. The *Wilander* test made the key to seamanship status under the Jones Act "employment related connection to a vessel in navigation." *See id.*, 498 U.S. at 354, at 817. Thus, the key question became whether the structure on which plaintiff was located was a "vessel in navigation" at the time of his injury. *See id.* In addressing the availability of summary judgment on this issue the Supreme Court continued that "summary judgment or a directed verdict is mandated where the facts and the law will only support one conclusion." *Id.*, 498 U.S. at 355, at 818 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–53, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986)). This completely obviates the precedential value of the cases plaintiff cites, while simultaneously refuting his argument that the Supreme Court requires that these issues always to be tried to a jury.

The case relied upon by this Court in its analysis of whether the crane barge constituted a vessel in navigation, *DiGiovanni v. Traylor Bros., Inc.*, 959 F.2d 1119 (1st Cir. 1992) (en banc); *cert. denied,* — U.S. —, 113 S.Ct. 87, 121 L.Ed.2d 50 (1992), has been adopted by another court in this district. *See Buccellato v. City of New York,* 808 F.Supp. 967 (E.D.N.Y.1992). It was also adopted by the court of appeals for the ninth circuit. *See Kathriner v. UNISEA, Inc.,* 975 F.2d 657 (9th Cir.1992). Plaintiff has failed to cite a single post-*Wilander* case which contradicts the first circuit analysis or rejects the *DiGiovanni* holding. Plaintiff's argument that the Court's previous opinion was erroneous is completely unsupported by the applicable caselaw. The Court finds this argument unpersuasive.

## CONCLUSION

Pursuant to the foregoing analysis, the Court finds plaintiff's motion for reconsideration meritless. The motion cites no controlling caselaw, and fails to refute or distinguish the caselaw cited in this Court's previous memorandum decision. It is HEREBY ORDERED that Plaintiff's Motion is DENIED.

SO ORDERED.