[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2010
JOHN LEY
CLERK

No. 09-12714
Non-Argument Calendar

_____

D. C. Docket No. 07-00438-CV-4-SPM


ABDUL ALANSARI,
THERESA BENDER,
as Bankruptcy Trustee for Abdul Alansari,

                                        Plaintiffs-Appellants,

versus

TROPIC STAR SEAFOOD INC.,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 22, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Abdul Alansari appeals the grant of summary judgment in favor of Alansari's former employer, Tropic Star Seafood, on Alansari's discrimination, hostile work environment, and retaliation claims.[1] Alansari brought his claims pursuant to Title VII of the Civil Rights Act, the Florida Civil Rights Act, the Florida Whistleblower Act, and the Florida Workers' Compensation Act.[2] Reversible error has been shown; we affirm in part and vacate and remand in part.

Alansari based his claims of race and religious discrimination on his experiences while employed with Defendant as a truck driver. He alleged that, as the only African-American employee who also was a Muslim, he was subjected to discriminatory comments about his religion from other employees. He also alleged that he was given the least desirable routes and the oldest truck in the fleet, which had many safety problems that Defendant refused to repair.

The district court concluded that Alansari failed to make a prima facie case

---

[1]We review de novo the district court's grant of summary judgment. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007). And we view the evidence in the light most favorable to the non-moving party. Id.

[2]Defendant removed Alansari's case to federal court. Claims brought under the Florida statutes employ the same analysis as Title VII claims. See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1389 (11th Cir. 1998) (Florida Civil Rights Act); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950-51 (11th Cir. 2000) (Florida Whistleblower Act).

2

of disparate treatment because he presented no valid comparator. A plaintiff fails to establish a prima facie disparate treatment case if he fails to show that he was treated less favorably than a similarly-situated person outside his protected class. McCann v. Tillman, 526 F.3d 1370, 1373 (11th Cir. 2008).[3] When determining whether a comparator is "similarly situated," we "require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Burke-Fowler v. Orange County, Fla., 447 F.3d 1319, 1323 (11th Cir. 2006).

Alansari argues -- as he did before the district court -- that his fellow employee, Donald Hamm, engaged in similar company violations as Alansari did, but that Hamm was disciplined less harshly.[4] Defendant terminated Alansari's job because he had many customer complaints against him, had slept on the job, twice had run his truck out of fuel, and had made unauthorized repairs on his truck. Hamm did not engage in these same violations. While evidence showed that Hamm was arrested for soliciting a prostitute while in his truck and that he had his license suspended, these incidents were not similar to Alansari's incidents, which

---

[3]Because this case is a circumstantial evidence case, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), applies.

[4]Nothing supports Alansari's contention, other than his speculative allegations, that he was assigned a longer route or a faulty truck because of his race or religion.

included costing Defendant $1000 in repairs. Thus, Alansari presented no valid comparator and failed to make a case of disparate treatment based on religion or race.[5]

About Alansari's hostile work environment claim, the district court concluded that the incidents were not objectively severe enough to constitute an abusive environment; Alansari disagrees and maintains that the harassment against him was pervasive and severe. A hostile work environment "is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 114 S.Ct. 367, 370 (1993) (citation omitted). To determine whether acts alter the terms and conditions of employment, we consider these factors: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc).

---

[5]Alansari disagrees with Defendant's reasons for terminating him and argues that these reasons are evidence of pretext. But we need not reach the issue of pretext because Alansari failed to make a prima facie case of disparate treatment. And even still, Alansari cannot simply question the wisdom of Defendant's reasons for terminating him to show pretext. See Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997) (the pretext inquiry centers upon the employer's beliefs, and not the employee's own perceptions of his performance).

The district court committed no error in concluding that Alansari failed to make a hostile work environment claim. The behavior Alansari was subjected to while stocking his truck at the warehouse -- including solicitations to go to church because "Jesus would save" him, other comments about his Muslim religion, and the playing of Christian music on the radio -- may have been unwanted and even derogatory, but it did not rise to a threatening or humiliating level. Instead, these comments were more akin to "mere offensive utterances" and not something that unreasonably interfered with Alansari's work of loading his truck and delivering his goods. See id.

About retaliation, the district court concluded that Alansari established no causal connection between his protected activity and his termination. To establish a prima facie case of retaliation under Title VII, Alansari had to show that (1) he engaged in statutorily protected expression, (2) he suffered an adverse employment act, and (3) some causal connection existed between the two events. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). To establish a causal connection, Alansari must show that (1) the decision-makers were aware of the protected conduct and (2) the protected activity and the adverse act were not wholly unrelated. Shannon v. Bellsouth Telecomm., Inc., 292 F.3d 712, 716 (11th Cir. 2002).

Here, Alansari failed to show a causal connection between his protected activity -- complaining about the alleged harassment from his coworkers -- and the adverse employment act of being terminated. Alansari complained about the harassment only to his direct supervisor; and nothing evidences that he told anyone else. The record makes clear that those persons involved in the decision to fire Alansari -- company owner Kevin Coats and transportation manager Jason Jernegan -- did not know about Alansari's protected activity. But both men knew about Alansari's work performance issues.[6]

Alansari sought to have his state workers' compensation retaliation claim remanded to state court, but the district court refused because Alansari did not seek remand within 30 days of removal. "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). We have concluded that, under section 1445(c), a district court lacks subject-matter jurisdiction to review a retaliation claim arising out of state workers' compensation laws. Reed v. Heil Co., 206 F.3d 1055, 1060-61 (11th Cir. 2000); see also In re Trusted Net Media Holdings, LLC, 550 F.3d 1035, 1042 (11th Cir. 2008) (subject-matter jurisdiction

_____

[6]Alansari argues that a material fact issue exists about who made the decision to fire him because the district court referred to a "Jason Coats," and no such person exists. But it is clear from the district court's order that this reference simply was a scrivener's error and that the court was referring to the company's owner, Kevin Coats.

6

involves a court's power to hear a case and can never be forfeited or waived).

Because the district court lacked subject-matter jurisdiction over Alansari's state workers' compensation retaliation claim, we conclude that it erred in refusing to remand the claim to state court.  See Reed, 206 F.3d at 1061 (requiring remand when district court exercised jurisdiction over state workers' compensation claim); see also 28 U.S.C. § 1447(c) (a motion to remand a case to state court "on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days" of removal) (emphasis added).  We vacate and remand the court's order on this claim with instructions for the district court to grant Alansari's motion to remand to state court.[7]

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

---

[7]Because we conclude that remand is necessary, we make no comment on the district court's substantive conclusion about the workers' compensation retaliation claim.