Cassandra BELYEA, Plaintiff,

v.

State of FLORIDA, DEPARTMENT OF REVENUE, Defendant.

Case No. 4:11cv626–RH/WCS.

United States District Court, N.D. Florida, Tallahassee Division.

April 12, 2012.

Marie A. Mattox, Charlotte Rose Fernee, Marie A. Mattox PA, Tallahassee, FL, for Plaintiff.

Thomas Robert Thompson, Thompson Crawford & Smiley, Tallahassee, FL, for Defendant.

### ORDER DENYING THE MOTION TO DISMISS BUT NOTING A JURISDICTIONAL ISSUE ON THE WORKER'S–COMPENSATION CLAIM

ROBERT L. HINKLE, District Judge.

This is an employment-discrimination case. In the first amended complaint, the plaintiff alleges she was fired because she is disabled—or was perceived to be disabled—within the meaning of the Americans with Disabilities Act. She also alleges she was fired in retaliation for asserting a worker's-compensation claim or for filing a charge of discrimination with the Equal Employment Opportunity Commission. The defendant has moved to dismiss. This order denies the motion but notes a sepa-

rate jurisdictional issue that may require remand of the worker's compensation claim.

## I

The Supreme Court has set out the standards governing a motion to dismiss:

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra,* at 555–556, 127 S.Ct. 1955 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

*Erickson v. Pardus,* 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The court must accept the complaint's allegations as true "even if [the allegations are] doubtful in fact." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

A complaint thus "does not need detailed factual allegations." *Id.* Nor must a complaint allege with precision all the elements of a cause of action. *See Swierkiewicz,* 534 U.S. at 514–15, 122 S.Ct. 992 (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case).

■ But neither is a conclusory recitation of the elements of a cause of action alone sufficient. A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557, 127 S.Ct. 1955. The complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id.* at 569 n. 14, 127 S.Ct. 1955.

A district court thus should grant a motion to dismiss unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (emphasis added). This is so because

the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, *supported by mere conclusory statements,* do not suffice.... [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff *armed with nothing more than conclusions.*

*Id.* at 678–79, 129 S.Ct. 1937 (emphasis added).

## II

■ Based on these principles, the plaintiff in an employment-discrimination case must allege facts that are either (1) sufficient to support a plausible inference of discrimination or retaliation, or (2) sufficient to show, or at least support an infer-

ence, that the plaintiff can make out a prima facie case under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny. *See, e.g., Ansley v. Fla. Dep't of Revenue*, No. 4:09cv161–RH/WCS, 2009 WL 1973548, at *2 (N.D.Fla. July 8, 2009) (adopting this standard).

■ Here the first amended complaint is sufficient. It alleges several conditions that sometimes constitute a disability under the ADA. It alleges that the plaintiff filed a worker's-compensation claim and an EEOC charge and was fired in retaliation. It alleges a very close temporal relationship between the EEOC charge and the firing—a gap of just 10 days.

To be sure, the first amended complaint alleges that the defendant proposed plaintiff's firing on December 15, that the plaintiff filed her EEOC charge on December 20, and that the plaintiff was actually fired on December 30, all in 2010. The December 15 proposal obviously could not have come in retaliation for the December 20 charge. But if the December 30 final decision was based in part on the EEOC charge—as the plaintiff alleges and as is at least plausible—the fact that the firing was proposed on December 15 would not make the December 30 firing lawful. In short, the assertion of a causal connection may seem unlikely, but a court cannot dismiss a complaint because its factual allegations seem unlikely.

So the motion to dismiss must be denied.

### III

There is, however, another issue. The plaintiff filed this case in state court. The defendant removed the case to this court. The removal of the worker's-compensation-retaliation claim raises a jurisdictional issue. *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such

State may not be removed to any district court of the United States."). In *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir.2000), the Eleventh Circuit held nonremovable a retaliation claim under the Alabama worker's-compensation statute:

> Because we conclude that [removed] claims brought pursuant to Alabama's statute barring retaliation for the filing of workers' compensation claims do arise under that state's workers' compensation laws, the district court lacked jurisdiction to entertain Reed's retaliatory discharge claim.

*Id.* at 1057. Florida district courts, including this one, have applied *Heil* to retaliation claims under the Florida worker's-compensation statute. *See Bender v. Tropic Star Seafood, Inc.*, No. 4:07–CV–438–SPM–WCS, 2008 WL 4621073 (N.D.Fla. Oct. 16, 2008); *Keaton v. L & W Supply Corp.*, No. 4:08cv72–RH/WCS, 2008 WL 846114 (N.D.Fla. Mar. 26, 2008); *Perdue v. Westpoint Home, Inc.*, No. 5:07CV192–RS–AK, 2007 WL 3202455 (N.D.Fla. Oct. 26, 2007); *Quitto v. Bay Colony Golf Club, Inc.*, No. 2:06–CV–286–FtM–29DNF, 2006 WL 2598705 (M.D.Fla. Sept. 11, 2006).

Procedural defects in removal are waived if not raised within 30 days. With one exception, every circuit that has addressed the issue has held that the failure to make a timely objection waives a § 1445(c) objection to removal. *See In re Norfolk S. Ry. Co.*, 592 F.3d 907, 911–12 (8th Cir.2010); *Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002); *Wiley v. United Parcel Serv., Inc.*, 11 Fed.Appx. 176, 177–78 (4th Cir.2001); *Feichko v. Denver & Rio Grande W. R.R. Co.*, 213 F.3d 586, 589 (10th Cir.2000) (construing § 1445(a)); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786–88 (5th Cir.1993); *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117 (5th

Cir.1987) (construing § 1445(a)). Nearly all district courts that have addressed the issue have agreed. *See, e.g., Dooley v. United Indus. Corp.,* No. 10–cv–37–JPG, 2010 WL 3522807, at *5 n. 4 (S.D.Ill. Sept. 2, 2010); *Daly v. Norfolk S. R.R. Co.,* No. 09–4609(WJM), 2010 WL 572116, at *1 (D.N.J. Feb. 17, 2010) (construing § 1445(a)); *Hackworth v. Guyan Heavy Equip., Inc.,* 613 F.Supp.2d 908, 913 (E.D.Ky.2009); *Spellman v. United Parcel Serv.,* 540 F.Supp.2d 237, 242 n. 10 (D.Me. 2008); *Sandlass v. Sears, Roebuck & Co.,* 462 F.Supp.2d 701, 705 (D.Md.2006); *Barber v. Pepsi–Cola Pers., Inc.,* 78 F.Supp.2d 683, 694–95 (W.D.Mich.1999); *Ayers v. ARA Health Servs., Inc.,* 918 F.Supp. 143, 146–47 (D.Md.1995); *Nielsen v. Weeks Marine, Inc.,* 910 F.Supp. 84, 87 (E.D.N.Y. 1995) (construing § 1445(a)); *Bearden v. PNS Stores, Inc.,* 894 F.Supp. 1418, 1424 (D.Nev.1995).

The one circuit decision to the contrary is an unpublished—and thus nonbinding—Eleventh Circuit decision. In *Alansari v. Tropic Star Seafood, Inc.,* 388 Fed.Appx. 902 (11th Cir.2010), the Eleventh Circuit held nonwaivable an objection to the removal of a worker's-compensation-retaliation claim. The court based its holding a prior Eleventh Circuit case in which the plaintiff moved to remand and thus did not waive any objection to removal. *See Reed v. Heil,* 206 F.3d 1055 (11th Cir.2000); *see also New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1096 n. 5 & 1097 n. 7 (11th Cir.1997). Thus *Alansari* read *Reed* as establishing a nonwaiver rule that it did not discuss. But *Reed* and *New* did articulate their holdings as based on lack of "jurisdiction," as did an old Fifth Circuit case that remains binding. *See Gamble v. Cent. of Ga. Ry. Co.,* 486 F.2d 781, 785 (5th Cir.1973) (construing § 1445(a)). A defect that is truly "jurisdictional" is usually nonwaivable.

In sum, *Alansari* is out of step with every other circuit that has addressed the issue. And it is nonpublished and thus nonbinding. Still, it is a recent Eleventh Circuit decision squarely on point. One district court has said the law of the circuit is settled that a § 1445(c) objection cannot be waived. *See Formosa v. Lowe's Home Ctrs., Inc.,* 806 F.Supp.2d 1181, 1185–87 (N.D.Ala.2011).

Another development also will affect the analysis for future cases. Congress recently adopted a statute that, at least at first blush, seems to make a § 1445(c) objection nonwaivable. Before the new legislation, 28 U.S.C. § 1441(c) allowed the removal of a case that included both a claim arising under federal law and an otherwise nonremovable claim that was "separate and independent" from the federal claim. The statute allowed the court to remand the otherwise—nonremovable claim. The statute did not apply to cases like this one, because here the removable claim and the otherwise nonremovable worker's-compensation-retaliation claim arise from the same set of facts and thus are not "separate and independent" within the meaning of old § 1441(c). The new § 1441(c) applies more broadly to a case that includes both a claim that arises under federal law and either a claim that is not within a district court's original or supplemental jurisdiction "*or a claim that has been made nonremovable by statute.*" Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, § 103(a)(4), 125 Stat. 758, 759 (2011) (codified at 28 U.S.C. § 1441(c)(1)) (emphasis added). The new statute provides that, upon removal of such a case, the district court "shall sever" the otherwise-nonremovable claims "and shall remand the severed claims" to state court. § 103(a)(4), 125 Stat. at 759 (codified at 28 U.S.C. § 1441(c)(2)).

The bottom line is this. Without the new statute, the law in the rest of the country was that a § 1445(c) objection was waivable. But the law in this circuit might well have been to the contrary. A party trying to sustain federal jurisdiction over the worker's-compensation claim in this case will face substantial headwinds: *Gamble* and *Reed* used jurisdictional language in enforcing § 1445; *Alansari* squarely held a § 1445(c) objection non-waivable; and Congress now has said that, going forward, a district court "shall" remand a claim in precisely these circumstances. One might question whose interest it serves to have two lawsuits in this situation rather than one, but the question seems to have had little effect in *Alansari* or in Congress, or perhaps in *Gamble* or *Reed.*

In any event, if both sides truly wish to litigate in a single forum and can agree on whether to do it in state or federal court, they apparently can bring about the desired result, either by having the plaintiff file a new case in federal court asserting all the claims, or by having the plaintiff file a new case in state court that the defendant does not remove. In short, they can start over. But they can't get there from here, at least on *Alansari's* reading of *Reed.*

### IV

For these reasons,

IT IS ORDERED:

1. The defendant's motion to dismiss, ECF No. 12, is DENIED.

2. A party who objects to remand of the        worker's-compensation-retaliation claim—and retention of the remainder of the case—must file a memorandum on jurisdiction by May 3, 2012. If no party files a memorandum, the worker's-compensa-

tion-claim will be remanded, and the remainder of the case will stay here.